# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

SHERMAN HALL                                                              PETITIONER

V.                                        CIVIL ACTION NO.: 1:15CV12-SA-SAA

STATE OF MISSISSIPPI and
ATTORNEY GENERAL OF MISSISSIPPI                              RESPONDENTS

## MEMORANDUM OPINION AND ORDER

Petitioner, Sherman Hall, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge the revocation of his post-release supervision and the allegedly illegal sentence imposed. Pending before the Court is Respondents' motion to dismiss the federal habeas petition pending in this action based on Petitioner's failure to exhaust his State court remedies. Petitioner has failed to timely respond to the motion. Having considered the parties' filings and the applicable law, the Court grants Respondents' motion and dismisses the petition for the following reasons.

### Background and Procedural History

Petitioner pleaded guilty to felony shoplifting in the Circuit Court of Lowndes County, Mississippi, and was sentenced by Order filed December 4, 2009, to serve a term of one year in the custody of the Mississippi Department of Corrections ("MDOC"), to be followed by four years of post-release supervision. Mot. to Dismiss, Ex. A. Petitioner was found to have violated the terms of his post-release supervision by Order filed February 27, 2012. Mot. to Dismiss, Ex. B. Petitioner's post-release supervision was not revoked at the time, however. *Id.* Rather, the trial judge modified Petitioner's post-release supervision to require that Petitioner "pay all fines,

costs and restitution by March 21, 2012," and ordered that Petitioner's failure to do so would result in his confinement in the Lowndes County Adult Detention Center. *Id.* Petitioner was again found in violation of the terms of his supervision by Order filed August 31, 2012. Mot. to Dismiss, Ex. C. Rather than revoke Petitioner's post-release supervision, the trial judge modified the terms to require Petitioner to serve six months in the Lowndes County Adult Detention Center, with all other terms and conditions of his post-release supervision remaining "in full force and effect." *Id.* After Petitioner again violated the terms of his post-release supervision, the trial judge revoked Petitioner's post-release supervision by Order filed May 1, 2014, and remanded him to the custody of MDOC. Mot. to Dismiss, Ex. D. Petitioner was released on parole on February 10, 2015. Mot. to Dismiss. Ex. E.[1]

In his federal habeas petition, Petitioner maintains that his revocation proceedings violated the prohibition against double jeopardy and denied him of his due process rights.[2] Respondents assert, and the Court agrees, that Petitioner has failed to properly exhaust his claims in the State courts prior to seeking federal habeas relief.

## Discussion

A petitioner seeking federal habeas relief must exhaust his available state court remedies

---

[1] Petitioner was given jail time credit for the six months he was incarcerated in the county jail, as well as for the additional time he spent in custody prior to his return to MDOC. *See* Mot. to Dismiss, Ex. E.

[2] In addition to asking the Court to vacate his State sentence, Petitioner requests monetary compensation for having lost wages and served jail time due to an allegedly unlawful sentence. Monetary relief cannot be granted in this action, but rather, must be sought pursuant to 42 U.S.C. § 1983. The Court advises Petitioner, however, that he cannot successfully seek damages in a § 1983 action based on an allegedly unlawful conviction until his conviction has been invalidated. *See, e.g., Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir.1998).

2

before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *see also Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

Although Petitioner states that he filed a motion for post-conviction relief in an attempt to exhaust his federal claims in State court, the documents filed with this Court demonstrate that he filed only a "Pro Se Motion for Transcripts" with the Lowndes County Circuit Court Clerk's Office, and that request was denied by Order filed November 25, 2014. Mot. to Dismiss, Ex. F. No appeal from that ruling appears on that court's docket. Mot. to Dismiss, Ex. G.[3]

Pursuant to Mississippi law, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. However, Petitioner currently has an available procedure under State law through which he can exhaust his claims regarding the revocation of his post-release supervision, as the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1, *et seq.*, offers Petitioner a means to challenge his revocation and the sentence imposed. *See*

---

[3] Respondents maintain that the department overseeing the Administrative Remedy Program at the Mississippi State Penitentiary has confirmed that Petitioner's complaint with that department regarding his revocation was rejected as untimely filed. *Id.*, Ex. H.

3

Miss. Code Ann. § 99-39-5 (allowing prisoners to use the post-conviction act to challenge the allegedly unlawful revocation of probation, parole, or conditional release). Inasmuch as Petitioner may pursue post-conviction relief under State law, he has an available remedy and may, acting with diligence, exhaust his claims through a State post-conviction application and, if necessary, return to federal court and file a timely habeas petition challenging his most recent revocation. *See* 28 U.S.C. § 2244(d).

Accordingly, Respondents' motion to dismiss the instant petition [ ECF No. 8] is **GRANTED**, and the instant petition is **DISMISSED WITHOUT PREJUDICE**. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED** this the 22nd April, 2015.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**